UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.09-82391-Civ-Hurley/Hopkins

HENRY KAYE,

       Plaintiff,

vs.

PERSONAL INJURY FUNDING III, LP.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS (DE 12)

**THIS CAUSE** has come before the undersigned upon an Order referring Plaintiff's

Motion for Imposition of Sanctions Under Federal Rules of Civil Procedure, Rule 11(c) for

Violation of Rule 11(b) of the Federal Rules of Civil Procedure (*sic*) for a Report and

Recommendation.  (DEs 12, 13).  This Court has before it Plaintiff's Motion and Defendant's

Response in Opposition.  (DEs 12, 14).  With the time for filing any reply having elapsed, the

matter is now ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that the

District Court **DENY** Plaintiff's Motion.  (DE 12).

## BACKGROUND

Plaintiff commenced the instant declaratory judgment action on December 8, 2009,

seeking to have the Court declare that Plaintiff is not obligated to arbitrate a dispute between

Plaintiff and Defendant.  (DE 1, pgs. 1-3).  On January 21, 2010, Defendant filed its Answer,

Affirmative Defenses, and Counterclaim/Petition to Compel Arbitration, alleging that Plaintiff is

obligated to arbitrate their dispute.  (DE 9, pgs. 1-7).[1]

On January 28, 2010, the District Court set this case for trial on February 7, 2011.  (DE 10).  Plaintiff filed an Answer to Defendant's Counterclaim on February 10, 2010.  (DE 11).  Plaintiff's motion for sanctions followed on April 7, 2010.  (DE 12).

## DISCUSSION

Relying on Rule 11(b) and (c), Plaintiff argues that sanctions should be imposed because Defendant's Answer and Affirmative Defenses violate Rule 11(b)(1)-(4) in that (1) the pleadings are legally and factually baseless; (2) counsel failed to conduct a reasonable inquiry before signing and filing the pleadings; (3) the pleadings are not warranted by existing law; (4) the pleadings have no evidentiary support, and are not likely to have evidentiary support after further investigation or discovery; (5) denials of the factual contentions are not warranted by the evidence; and, (6) the pleadings were presented for the improper purposes of causing unnecessary delay and needlessly increasing the costs of litigation.  (DE 12, pgs. 1-2).

In response, Defendant argues, *inter alia*, that (1) Plaintiff's motion appears to be little more than a motion for judgment on the pleadings or a motion for summary judgment, without any evidentiary support; (2) Defendant should be awarded attorney's fees for having to litigate Plaintiff's motion; and, (3) because Plaintiff is an attorney, both Plaintiff and his counsel should be required to pay any award of fees jointly and severally.  (DE 14, pgs. 1-8) (*citations omitted*).

Rule 11 provides in relevant part,

****

**(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

---

[1] It appears that arbitration proceedings have already commenced.  (DE 14, pg. 2, n.1).

2

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions**.

****

**(1) In General.**  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

****

Fed. R. Civ. P. 11(b), (c)(1) (2010).

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers."  *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (*quoting Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)).  *See also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses . . . They 'may be imposed for the purpose of deterrence, compensation and punishment.")  Where the court finds a violation of Rule 11, the court "shall" or *must* impose sanctions. *See Didie* , 988 F.2d at 1104 (*citing Collins v. Walden*, 834 F.2d 961, 964, n.2 (11th Cir. 1987) (stating that the district court was compelled to impose sanctions for a

complaint that was factually groundless and patently frivolous).  Nevertheless, the Supreme

Court has cautioned that Rule 11 "must be read in light of concerns that it will . . . chill vigorous

advocacy."  *Cooter & Gell*, 496 U.S. at 393.

Rule 11 sanctions are generally warranted in three scenarios: (1) when a party files a

pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on

a legal theory that has no reasonable chance of success and that cannot be advanced as a

reasonable argument to change existing law; or, (3) when the party files a pleading in bad faith

for an improper purpose.  *See Didie*, 988 F.2d at 1104 (*citations omitted*); *Kaplan*, 331 F.3d at

1255 (*citations omitted*).  Rule 11 sanctions are also appropriate where the claims are objectively

frivolous in view of the facts or the law.  *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d

1252, 1254 (11th Cir. 1996), *reh'g and suggestion for reh'g en banc denied*, 99 F.3d 1157 (11th

Cir. 1996).

For several reasons, this Court concludes that Rule 11 sanctions should not be imposed

herein.

First, Plaintiff's motion fails to comply with the Local Rules, in that it fails to contain a

proper memorandum of law, and fails to contain a proper certificate of conference.  *See* S.D. Fla.

L.R. 7.1.A.1 (2010) (providing that, with the exception of certain enumerated motions, "[e]very

motion when filed shall include or be accompanied by a memorandum of law citing supporting

authorities . . .").  Not only does Local Rule 7.1.A.3 provide specific rules regarding the

placement and wording of certificates of conference, but the rule also provides that failure to

comply with the rule "may be cause for the Court to grant or deny the motion and impose on

counsel an appropriate sanction, which may include an order to pay the amount of the reasonable

expenses incurred because of the violation, including a reasonable attorney's fee."

Second, it appears that Plaintiff merely filed the instant motion as an attempt to test the legal sufficiency of Defendant's allegations contained in its Answer and Affirmative Defenses. However, the Advisory Committee has cautioned against the use of Rule 11 for such a reason:

> Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). *They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position*, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Fed. R. Civ. P. 11 Advisory Committee Notes, 1993 Amendments (*emphasis added*).

This Court acknowledges that a motion for Rule 11 sanctions may entail an analysis of the merits of the claims asserted. After all, under Rule 11(b)(2), a party presenting a written pleading to the court certifies to the best of his or her knowledge that the claims or defenses are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (noting that a Rule 11 determination involves both factual and legal issues). However, rather than providing a detailed discussion as to why Defendant's allegations warrant the imposition of Rule 11 sanctions herein, Plaintiff's argument is focused solely upon the *merits* of Defendant's allegations contained within its Answer and Affirmative Defenses. (DE 12, pgs. 1-2). As a result, this Court agrees with Defendant that Plaintiff's motion appears to be little more than either a Rule 12 motion for judgment on the pleadings, or an unsupported Rule 56 motion for summary judgment. (DE 14, pg. 2).

Finally, and perhaps most importantly, Plaintiff's motion appears to be nothing more than a compilation of key phrases taken directly from the text of the Rule, devoid of any factual or legal support. (DE 12, pgs. 1-2). In the motion, which is only two (2) pages long, and consists of only two (2) paragraphs, Plaintiff twice summarily states that the allegations contained in Defendant's Answer and Affirmative Defenses are "legally and factually baseless;" that the "attorneys failed to conduct reasonable and competent inquiry before signing" the pleadings; and, that "the pleadings are not warranted by existing laws; (*sic*) have no evidentiary support and will not likely have any evidentiary support after a reasonable opportunity for further investigation or discovery . . .". (DE 12, pgs. 1-2). In light of Plaintiff's failure to make any specific showing of sanctionable behavior, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Imposition of Sanctions. (DE 12).

*See, e.g.*, *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1398 (Fed. Cir. 1996) ("[i]n virtually every case, an appellate court finds one party's arguments and authorities unpersuasive, but that is not remotely sufficient to make the losing party's conduct sanctionable."); *Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc.*, 534 F. Supp 2d 616, 626 (D. Md. 2008) (granting motion for summary judgment because opponents failed to establish essential elements of counterclaims, stating, "[a] district court need not scour the record to make the case of a party who does nothing.") (*quoting Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir. 1990)); *Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, No. 6:05-cv-1660, 2006 WL 2471522, *3 (M.D. Fla. Aug. 24, 2006) (finding that the defendant's motion for Rule 11 sanctions was insufficient on its face because the defendant submitted no evidence in initial motion to support claim that "Plaintiff and its attorneys knew or,

through a reasonable inquiry, should have known, that none of the asserted grounds upon which

the Plaintiff seeks declaratory relief have any basis in fact.")

**Defendant's Request for Attorney's Fees (DE 14)**

In its response to Plaintiff's Motion, Defendant requests an award of attorney's fees and

costs for time spent having to respond to Plaintiff's Motion.  (DE 14, pg. 1, 5-8) (*citing Great*

*Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, No. 6:05-cv-1660, 2006 WL 2471522 (M.D.

Fla. Aug. 24, 2006)).

According to the Rule, the court has the discretion to award reasonable expenses,

including attorney's fees, to the prevailing party.  *See* Fed. R. Civ. P. 11(c)(2) (2010) ("If

warranted, the court *may* award to the prevailing party the reasonable expenses, including

attorney's fees, incurred for the motion.") (*emphasis added*).

Although this Court agrees with Defendant that Plaintiff's motion is meritless, this Court

nevertheless concludes that Defendant has not shown that it should be compensated for having to

litigate Plaintiff's motion.  As noted by Defendant, at least one court has awarded sanctions to a

party who successfully defended a Rule 11 motion.  *See Great Lakes*, 2006 WL 2471522 at *4-

*5 (ordering the defendant to pay $500 in attorney's fees to counsel for the plaintiff after filing

facially insufficient, and unsubstantiated motion).  However, at least one other court has declined

to award fees to a party that likewise successfully defended a Rule 11 motion.  *See Miller v.*

*Relationserve, Inc.*, No. 05-61944-CIV, 2006 WL 5849318, *9 (S.D. Fla. Dec. 1, 2006) (denying

cross request for fees incurred in responding to Rule 11 motion).  Apart from pointing to the

facial insufficiency of Plaintiff's motion, Defendant has provided this Court with no reason to

recommend that the District Court exercise its discretion under Rule 11(c)(2) herein.

Because this Court has concluded that Defendant has failed to show that the court should exercise its discretion under Rule 11(c)(2), this Court need not address Defendant's contention regarding joint and several liability.

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Defendant's request for fees in connection with litigating Plaintiff's motion.  (DE 14).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1)(providing that "within fourteen days  after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S.

958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

      **DONE AND SUBMITTED** in Chambers this 12 day of May, 2009, at West Palm Beach

in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern
District of Florida
Counsel of Record